**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

      **Plaintiff**

        v.              **CRIM. NO.** 10-0073 (JAG)

DIEGO FERNANDEZ-SANTOS(1),

      **Defendant(s)**

_____

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

      Pending before the Court are Diego Fernandez-Santos's (1) Objections (Docket No. 43) to Magistrate Judge Justo Arenas's Report and Recommendation (Docket No. 42) on Defendant's Motion to Suppress illegally obtained evidence (Docket No. 34) and Motion to Suppress post arrest statements (Docket No. 36). For the reasons set forth below, the Court **DENIES** Defendant's Motions to Suppress.

**FACTUAL AND PROCEDURAL BACKGROUND**

      There are two criminal proceedings which are relevant to the matters before the Court; the present Criminal Case No. 10-073 and Criminal Case No. 09-112. The objected Report and Recommendation bears upon two Motions to Suppress (Docket Nos. 34 & 36) filed by Defendant in the present case.

Criminal No. 10-0073 (JAG)                                              2

      Defendant made no objection to the Magistrate Judge's
findings of fact. Therefore, the Court takes the facts from the
learned Magistrate's Report and Recommendation.

<u>Criminal Case No. 09-0112</u>

      Following on leads provided by a confidential informant on
Defendant's involvement in drugs and weapons transactions,
Federal Agents arrested Defendant on March 22, 2009. On March
23, 2009, following the arrest, the agents conducted a search of
Defendant's home and seized weapons, narcotics and drug
paraphernalia. On March 25, 2009, Defendant was among others
indicted on several drug conspiracy and weapons charges.
(Criminal Case No. 09-0112, Docket No. 23). On July 22, 2009,
Defendant filed a Motion to Suppress illegally obtained evidence
during the search of his home. (Criminal Case No. 09-112, Docket
No. 92). Defendant argued that because the search warrant was
issued at 11:55 P.M. and the search took place at 8:00 P.M., the
search was conducted without a warrant. There being no exigent
circumstances to justify a warrantless search, Defendant argued,
evidence obtained during the search of his residence was
inadmissible. On July 25, 2009, Defendant submitted a separate
Motion to Suppress post-arrest statements. (Criminal Case No.
09-0112, Docket No. 94). In it, Defendant claimed he was not
advised of his Miranda rights, that his requests to speak to an
attorney were ignored, and that the statements were made

Criminal No. 10-0073 (JAG)                                           3

involuntarily after numerous threats and coercion from police
officers. After a three day hearing, both motions were denied on
August 31, 2009. (Criminal Case No. 09-0112, Docket No. 144).

Almost nine months later, on May 24, 2010, Defendant filed
yet another Motion to Suppress. (Criminal Case No. 09-112,
Docket No. 235). Defendant then argued that the affidavit
underlying the search warrant was insufficient to establish a
nexus between the alleged illegal drug activity and Defendant's
residence. Defendant also filed a Supplemental Motion on June 8,
2010, highlighting purported deficiencies in the testimony of
the affiant, Agent Clemente. (Criminal Case No. 09-0112, Docket
No. 241). Both motions were denied on June 8, 2010. (Criminal
Case No. 09-0112, Docket No. 245). The Court found that probable
cause existed for searching Defendant's residence, that the
agent's lack of specific information that there were weapons in
the residence did not affect a finding of probable cause, and
that Defendant's possession and trafficking of firearms was
itself sufficient for probable cause. On June 18, 2010, after
the death of a key witness, the Government moved to dismiss the
case. (Criminal Case No. 09-0112, Docket No. 251).

The Current Proceeding

On March 3, 2010, prior to the dismissal of Criminal Case
No. 09-112, Defendant was again indicted on several drug and
weapons charges arising from the same events and resting on the

Criminal No. 10-0073 (JAG)                                        4

same evidence as Criminal Case No. 09-112. (Docket No. 1). On May 17, 2010, a status conference was held where the Government informed the Court of its intention to present a superseding indictment by June 9, 2010 which, it informed, might result in the dismissal of Criminal 09-0112. (Docket No. 14). At a later status conference on June 14, 2010, the Government informed the Court that a plea offer would be made to Defendant that, if accepted, would dispose of both cases against Defendant. If Defendant rejected the plea offer, a superseding indictment would be filed on or before July 7, 2010. (Docket No. 16).

On July 7, 2010, after plea negotiations failed, the Government issued a three count superseding indictment charging Defendant with possession of a firearm with an obliterated serial number, possession of a controlled substance with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. (Docket No. 17). On August 31, 2010 Defendant filed a Motion to Suppress illegally obtained evidence arguing once again that the affidavit underlying the warrant did not establish a nexus between illegal drug activity and his residence. (Docket No. 34). On September 7, 2010, Defendant also filed a Motion to Suppress post arrest statements. (Docket No. 36). Defendant reinstated the arguments put forth in his analogous motion from Criminal Case No. 09-112 that his Fifth Amendment rights were violated. On September 8,

Criminal No. 10-0073 (JAG)                                    5

2010, the Government filed its opposition to Defendant's
motions. (Docket No. 37). The Government argues that since the
issues raised in Defendant's Motions to Suppress were already
adjudicated by the Court in Criminal Case No. 09-112, Defendant
is estopped from litigating them again now.

**STANDARD OF REVIEW**

<u>Standard for Reviewing a Magistrate Judge's Report and</u>
<u>Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)
and Local Rule 503, a district court may refer dispositive
motions to a United States magistrate judge for a report and
recommendation. <u>See</u> <u>Alamo Rodriguez v. Pfizer Pharmaceuticals,</u>
<u>Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the [m]agistrate [j]udge's report
and recommendation by filing objections 'within ten days of
being served' with a copy of the order." <u>United States v.</u>
<u>Mercado Pagan</u>, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28
U.S.C. § 636(b)(1)). If objections are timely filed, the
district judge shall "make a <u>de novo</u> determination of those
portions of the report or specified findings or recommendation
to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g</u>
<u>Servs.</u>, 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court
can "accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate." <u>Alamo</u>

Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris
Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the
affected party fails to timely file objections, the district
court can assume that they have agreed to the magistrate judge's
recommendation. Id.

## DISCUSSION

In his Report and Recommendation, Magistrate Judge Arenas
recommends that Defendant's Motions to Suppress be denied.
According to Magistrate Judge Arenas, since the issues arising
out of Defendant's Motions to Suppress were already heard and
adjudicated in Criminal case 09-112, Defendant is estopped from
litigating these matters again. The equitable doctrine of issue
preclusion controls.

In a bare bones statement, Defendant counters that the
doctrine of issue preclusion does not apply to his case.
Defendant argues that Criminal Case No. 09-112 was dismissed
before the term to appeal the ruling on his last Motion to
Suppress (Criminal Case No. 09-112, Docket No. 235) expired.
Because of this, the Court's ruling on his Motion to Suppress
was not "appealable" for purposes of issue preclusion, hence,
the doctrine of issue preclusion cannot apply.

The doctrine of issue preclusion, referred to also as
collateral estoppel, bars a party from relitigating issues
already heard and adjudicated by a court in a prior proceeding.

Montana v. U.S., 440 U.S. 147, 153 (1979). For a ruling on a motion to suppress to have preclusive effect, five factors must be met. First, there must be an identity of issues in the two proceedings; second, the defendant must have had sufficient incentive to vigorously and thoroughly litigate the issue in previous proceedings; third, the defendant estopped must have been a party to the previous litigation; fourth, the applicable law in both proceedings must be identical; and fifth, the earlier proceeding must have resulted in a final judgment on the merits and provided the defendant with an opportunity and sufficient incentive to appeal. United States v. Levasseur, 699 F.Supp. 965, 981 (2nd Cir. 1988).

Defendant objects that the fifth factor in Levasseur has not been met in his case. Defendant argues that the ruling on his last Motion to Suppress in Criminal Case No 09-112 could not have been appealed because the case against him was dismissed before the time to appeal expired. Defendant proffers no case law in support of his argument.[1]

Defendant's argument is without merit. As to the Motion to Suppress post-arrest statements (Docket No. 36), there can be no doubt that Defendant is precluded from relitigating the claims

---

[1] Defendant does cite, albeit incorrectly, a case from the 10th Circuit, Mesmer v. United States, 405 F.2d 316 (10th Cir. 1969), to support his argument that the Court's ruling on his motions to suppress were interlocutory rulings that established the law of the case. Defendant merely states the obvious. Furthermore, the fact that the rulings were interlocutory in nature, does not bear on the question of their appealability.

brought therein. The Motion is virtually identical to the Motion to Suppress post arrest statements Defendant filed in Criminal Case No. 09-112 (Criminal No. 09-112, Docket No. 94). That Motion was heard and then adjudicated in August 31, 2009 (Criminal No. 09-112, Docket No. 144). The time to appeal that Motion came and went long ago, with no action from Defendant.

As to the Motion to Suppress regarding the insufficiency of the affidavit underlying the warrant and the Supplemental Motion (Dockets No. 235 & Supplemental Docket No. 241) Defendant also argues to no avail. The issue was adjudicated by the Court in Criminal Case 09-112 when it ruled on the Motion to Suppress (Criminal Case No. 09-112, Docket No. 235) that Defendant filed on the same grounds as the present motion. In Criminal Case No. 09-112 the Court denied Defendant's motion on June 8, 2010; at that point the Court's ruling became appealable. (Criminal Case No. 09-112, Docket No. 245). It was not until June 21, 2010 that the case was dismissed. (Criminal Case No. 09-112, Docket No. 254).

It is true that in Criminal Case No. 09-112 the case against Defendant was dismissed before his term to appeal expired. But in this particular case, the Court does not deem this essential to the finality requirement of the collateral estoppel rule. A "final judgment" for purposes of issue preclusion, "includes any prior adjudication of an issue in

Criminal No. 10-0073 (JAG)                                            9

another action between the parties that is determined to be
sufficiently firm to be accorded conclusive effect," United
Sates ex rel. DiGiangiemo v. Regan, 528 F.2d 1262, 265 (2nd Cir.
1975); Restatement (Second) of Judgments: Requirement of
Finality § 13 (1982); Lummus Co. v. Commonwealth Oil Refining
Co., 297 F.2d 80, 87-90 (2nd Cir. 1961), cert. denied, 368 U.S.
986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962). Furthermore, in order
to determine whether a decision is "final" and thus issue
preclusion applies, a court should consider the adequacy of the
hearing, whether the court in the prior proceeding supported its
decision with a reasoned opinion and whether the decision was
subject to appeal or was actually appealed. DiGiangiemo, 528
F2d. at 1265. As the Magistrate Judge correctly noted, Defendant
was afforded a three day hearing where he had ample opportunity
to object to introduction of the evidence, and that he did. At
the time of the hearing, Defendant was, or could have and should
have been aware of any alleged insufficiency of the affidavit
underlying the warrant. The Court supported its decisions
denying Defendant's motions to suppress with succinct yet well
reasoned opinions (Criminal Case No. 09-112, Docket No. 240 at
126-130 and Docket No. 245). Finally, the Court's decisions on
Defendant's last Motion to Suppress and the Supplemental Motion
were subject to appeal from June 8, 2010 until June 21, 2010,
and no appeal was taken. Neither did Defendant appeal the denial

Criminal No. 10-0073 (JAG)                                              10

of his first two Motions to Suppress (Docket Nos. 92 & 94); to
contend that Defendant could not have appealed the Court's
decision is simply not true.

### CONCLUSION

For the reasons state above, Defendant's Motion to Suppress
illegally obtained evidence and Motion to Suppress post arrest
statements are hereby **DISMISSED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of January, 2011.


                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge