```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

UNITED STATES OF AMERICA,

    **Plaintiff**

       v.                     **CRIM. NO.** 10-073 (JAG)

DIEGO FERNANDEZ-SANTOS(1),

    **Defendant(s)**

## OPINION AND ORDER

GARCIA-GREGORY, D. J.

Pending before the Court are Diego Fernandez-Santos's (1) Objections (Docket No. 44) to Magistrate Judge Justo Arenas's Report and Recommendation (Docket No. 41) on Defendant's Motion In Limine Objecting to Introduction of Evidence Under Rule 404(b) (Docket No. 35). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by indictment of three counts: possession of a firearm with an obliterated serial number, possession of cocaine with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. Defendant made no objection to the Magistrate Judge's findings of fact. Therefore, the Court takes the facts from the learned Magistrate's Report and Recommendation.

On September 7, 2010, Defendant moved under Rule 404(b) to exclude evidence of a post arrest confession given on March 22, 2010. Defendant particularly objects to the use of his statement that he has been selling cocaine since 2007 and that he expected to receive and re-sell 30 kilograms of cocaine on the weekend of his arrest. Defendant also arguably stated that between February and March 2009 he was involved in a smuggling venture scheduled to transport large quantities of cocaine from the Dominican Republic to Puerto Rico.

The Government also notified its intent to introduce evidence of 139 grams of cocaine and 69 decks of cocaine discovered during the search of Defendant's residence. This evidence unarguably goes directly to the charges that weigh on Defendant in this case and its admissibility is not in dispute here.[1]

Defendant averred before Magistrate Judge Justo Arenas that his post arrest statements are being proffered by the Government solely and impermissibly to attack his character and to establish Defendant's propensity for crime. Defendant argued that the statements are not admissible under Federal Rule of Evidence 404(b) to show intent, knowledge, plan, identity or absence of mistake. He argued further that the Government failed to show any logical nexus between the proffered 404(b) evidence

---

[1] The admissibility of that evidence was ultimately adjudicated on a Motion to Suppress. (Docket No.45).

Criminal No. 10-073 (JAG)                                                    3

and the asserted purpose of its admission. Furthermore, he argued that the subject matter of the statements is not relevant to the crimes charged, and that the proffered evidence is substantially more prejudicial than probative and should thus be excluded under Rule 403. Defendant stressed that permitting such evidence presents the danger of the jury conducting a trial on unrelated and uncharged prior bad acts. *See* United States v. Temple, 862 F.2d 821, 823-24 (10th Cir. 1988). Consequently, Defendant argued that evidence of prior conduct should be excluded.

Magistrate Judge Arenas concluded that the statements proffered by Defendant meet the First Circuit's two prong test for admissibility of character evidence. *See* United States v. Trenkler, 61 F.3d 45, 52 (1st Cir. 1995). Magistrate Judge Arenas found that Defendant's statements bore a "special relevance" to the charged offenses since it goes to prove knowledge and specific intent. U.S. v. Trenkler, 61 F.3d at 52. Magistrate Judge Arenas then conducted a Rule 403 analysis and found that use of the statements is not unfairly prejudicial to Defendant. Id.

Defendant objects to the Magistrate Judge's Report and Recommendation on grounds not raised in his Motion In Limine. Defendant argues that the use of statements he made in response to questioning by a federal agent who has since passed, violate

the Sixth Amendment Confrontation Clause because the agent is, obviously, not available for cross-examination. Hence no confrontation is possible that would satisfy the Sixth Amendment.

**STANDARD OF REVIEW**

<u>Standard for Reviewing a Magistrate Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 503, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States v. Mercado Pagan</u>, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g Servs.</u>, 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." <u>Alamo Rodriguez</u>, 286 F. Supp. 2d at 146 (citing <u>Templeman v. Chris</u>

Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate judge's recommendation. Id.

### DISCUSSION

Defendant did not object to the Magistrate Judge's finding that the disputed evidence is admissible for purposes other than to prove criminal propensity. Defendant has thus waived any Rule 404(b) character evidence objection to the proffered statements. Defendant did not raise any Sixth Amendment concerns in his Motion In Limine. He only now forwards a Confrontation Clause issue on his Objection to the Report and Recommendation. Given that Defendant has raised an important constitutional issue, the Court will entertain an argument which would ordinarily be considered waived.

Defendant argues that the Government should not be allowed to proffer evidence of his confession through the testimony of an agent who is now deceased. Defendant never had the opportunity to cross-examine the agent regarding the incriminatory statements. Therefore, to admit the statements through the deceased agent's testimony would violate Defendant's Sixth Amendment right to confront witnesses against him. Crawford v. Washington, 541 U.S. 36 (2004).

Out-of-court statements that are testimonial in nature are inadmissible under the Confrontation Clause, unless the witness is unavailable and the Defendant had a prior opportunity to conduct a meaningful cross-examination. Crawford, 541 U.S. at 68. Testimonial statements are, among others, those given in response to police interrogation. Crawford, 541 U.S. at 52; U.S. v. Malpica-Garcia, 489 F.3d 393, 397 (1st Cir. 2007); U.S. v. Maher, 454 F.3d 13, 21 (1st Cir. 2006); Horton v. Allen, 370 F.3d 75, 84 (1st Cir. 2004).

The evidence that Defendant objects to falls squarely within Crawford. The statements were made by Defendant in response to police interrogation after his arrest, and are thus testimonial in nature. Malpica-Garcia, 489 F.3d at 397. Furthermore, the deceased agent is obviously unavailable and Defendant had no opportunity to cross-examine him at any prior juncture. Crawford, 541 U.S. at 54. The deceased agent's testimony regarding Defendant's confession is therefore inadmissible against Defendant.

## CONCLUSION

The statements proffered by the Government are not inadmissible character evidence. **However, the testimony of the deceased agent on Defendant's statements is inadmissible on Sixth Amendment grounds**. For the reasons stated, Defendant's Motion In Limine is hereby **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of January, 2011.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
