IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES,<br><br>**Plaintiff(s)**<br><br>v.<br><br>DIEGO FERNANDEZ SANTOS,<br><br>**Defendant(s)** | **CIVIL NO.** 10-073 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

    Before the Court are two Motions to Dismiss by Defendant Fernandez-Santos (Docket No. 63 & 66), their respective responses from the U.S. (Docket No. 68 & 70), and corresponding replies (Docket No. 72 & 75). The main object of contention is Defendant's Speedy Trial Act (hereinafter, "STA") clock. For the reasons stated below, Defendant's motion to dismiss is granted.

    Given the imminence of trial, on June 10, 2011 the Court summoned the parties for an Emergency Conference regarding the motions now before us. The Court announced its intention to dismiss the indictment on STA grounds. A few clerical errors made their way into the record. These errors do not affect the outcome of this case, though we now aim to correct them.

**DISCUSSION**

On March 25, 2009, Defendant Fernández Santos and others were indicted on several drug conspiracy and weapons charges in case 09-112 before the Hon. Gustavo Gelpí. Fernández Santos was the only Defendant in case 09-112 charged with Count Four: Possession of a Firearm with an Obliterated Serial Number, <u>18 U.S.C. §§ 922(k), 924(a)(1)(B)</u>. After some motion practice, the Government moved to dismiss the case on June 18, 2010.

On March 3, 2010, prior to the dismissal of case 09-112, Defendant was again indicted on several drug and weapons charges arising from the same events as case 09-112(GAG). (Docket No. 1). Although it involved the same criminal episode, 18 U.S.C. §§ 922(k), 924(a)(1)(B) was not among the charges in the first indictment of the present case. It was however, included in the superseding indictment filed on July 7, 2010. (Docket No. 17). The parties proceeded with motion practice.

On the eve of trial, the issue before the Court is whether Defendant's rights under STA have been violated. The Defendant and the U.S. each make their own STA clock calculations and, not surprisingly, their numbers don't match. Defendant finds that the time to bring him to trial under STA has come and gone, whereas the U.S. finds that it is well within the time to prosecute Defendant for the charged offenses. Though we need not restate the parties' respective calculations, suffice it to say they are both wrong.

The arrest warrant against Defendant was executed on March 9, 2010, date on which he made his initial appearance; the STA clock for the present case started at that point. 18 U.S.C. § 3161(c)(1). As of June 9, 2011, Defendant had been in custody for 457 days. According to the Court's calculations, 246 days are excluded under STA. Subtracting 70 days that the STA provides for a Defendant to be brought to trial leaves 141 nonexcludable days that Defendant has been in custody, without trial. Id.

The U.S. concedes that the original STA started running on March 9, 2010. However, the U.S. argues that the STA clock began running anew on July 12, 2010, when Defendant was arraigned on the superseding indictment filed on July 7, 2010. (Docket No. 19). We find the U.S. theory simple, convenient and unavailing.

A superseding indictment that makes minor changes to the charging document does not restart the STA clock. U.S. v. Rojas-Contreras, 474 U.S. 231, 237 (1985). Though it may seem that the superseding indictment in this case has undergone more than minor changes through the addition of a new charge, truth be told, Count One is not a "new" charge. It was an offense charged and later voluntarily dismissed by the U.S. in case 09-112(GAG), only to be revived now: Possession of a Firearm with an Obliterated Serial Number, 18 U.S.C. §§ 922(k), 924(a)(1)(B). Considering that Count One was already the object of another

proceeding involving the same criminal events, its addition to the accusatory document cannot disturb the STA clock. U.S. v. Vlahov, 884 F. Supp. 354 (N. D. Cal. 1995).

The U.S. avers that since STA is offense specific a subsequent indictment or information which charges a defendant with a new offense starts a new, independent speedy trial period, citing in support U.S. v. Robinette, 177 F. Supp. 2d 279 (D. Del. 2001). This may indeed be true, but again, Count One is not a "new" offense; Count One came with its own STA clock from case 09-112(GAG) which has long expired as well. To hold the contrary would allow the U.S. to voluntarily dismiss and recharge a defendant for the same offense indefinitely and set back the STA clock at whim.

The U.S. also cites U.S. v. Komolafe, 246 Fed. Appx. 806 (3d Cir. 2007), as support for the proposition that a superseding indictment restarts the STA clock. We are not persuaded. As noted by defense counsel, Komolafe's precedential value is best assessed by the Third Circuit's own recognition.[1]

Before dismissing an indictment with or without prejudice, a court should consider (1) the seriousness of the offenses; (2) the circumstances leading to the delay; (3) the impact reprosecution would have on the administration of justice and

---

[1] The unpublished opinion is accompanied by a conspicuous notice that under Third Circuit Internal Operating Procedure Rule 5.7, it is not to be regarded as precedent.

the enforcement of the Speedy Trial Act; and (4) any related miscellaneous factors, including whether the delay resulted in actual prejudice to the defendant. U.S. v. Barnes, 159 F. 3d 4, 16 (1st Cir. 1998). Defendant is charged with three nonviolent yet serious drug and weapons charges. The delay is attributable to both parties; on the part of the U.S., the delay was due to its view that the superseding indictment reset the clock, rather than any deliberate misconduct. Reprosecution of this case would entail new grand jury proceedings as well as re-issuance and execution of an arrest warrant. Enforcement of the STA would be seriously undermined however if the prosecution is allowed to voluntarily dismiss and later re-charge offenses repeatedly and indefinitely. The delay has resulted in material and potentially serious prejudice to Defendant. He has been detained for over 457 days without trial and, more importantly, a material witness that would have testified in his favor is now dead.

   The circumstances giving rise to the STA violation here do not justify a dismissal with prejudice. The delay on the part of the U.S. was only due to an assumption not sanctioned by this Court. The Court dismisses the charges against Defendant Fernández Santos without prejudice.

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. The charges against Defendant Fernández Santos are hereby dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of June, 2011.


<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge